LYMAN DAYTON and MARIA B. DAYTON, his wife, vs. JOHN E. WARREN.

In 1858 the defendant conveyed to the plaintiff, Maria B. Dayton, by deed, with covenants of seizin and warranty, the southwest quarter of section 21, town 29, range 23. The deed (in which the consideration was stated to be $8000) contained the following recital or stipulation: "It being expressly understood between the parties hereto that the consideration expressed above, to-wit, $8000, is the estimated value of certain lots in Lyman Dayton's addition to St. Paul, in exchange for which lots the above described premises are hereby conveyed as aforesaid." *Held*—that this is a mere recital of the consideration, and therefore susceptible of explanation; that the question to be tried in the case is what the value was as a matter of fact, and what the defendant thus admitted in the deed may be evidence, but it is not conclusive of the fact.

In the Court below, there being a deficiency of jurors, the Court summoned by a special venire a number of persons to serve as jurors for the term. Subsequently when this cause was called, a challenge was interposed by defendant's counsel to the regular panel, and said challenge was allowed. The Court then —the defendant objecting thereto, ordered the Clerk to draw a jury for the trial of the cause from the jurors summoned on the special venire. *Held*—not to be error.

The complaint in this action alleges the conveyance of certain real estate to the plaintiff, Maria B. Dayton, by the defendant John E. Warren and wife, by deed dated July 15, 1858, with covenants of seizin and warranty of title, for the consideration of $8000; that said sum of $8000 was the price and value of certain real estate owned by said Maria B., which was on the same day conveyed by the plaintiffs to the defendant. The deed of Warren and wife to Maria B., contained the following recital or stipulation, to-wit: "It being expressly understood between the parties hereto that the consideration expressed above, to-wit, $8000, is the estimated value of certain lots in Lyman Dayton's addition to

St. Paul, in exchange for which lots the above described premises (the land described in the deed from Warren and wife to Maria B.) are hereby conveyed as aforesaid." The complaint alleges the breach of the covenants of seizin and warranty, and that the title and possession has been decreed by the Court to be in one Fisk, and demands judgment for $8000 and interest, &c.

The answer alleges in substance an exchange of real estate by the parties, and that the consideration mentioned in the deed from Warren and wife to Maria B. was merely nominal; and that the value of the real estate conveyed by Dayton and wife to Warren did not exceed $800. The answer denies that the recital or stipulation mentioned was inserted in the deed to evidence the amount or agreed value or consideration of the property referred to therein.

The cause was brought to trial at the October term, 1864, of the District Court in Ramsey County; the defendant demanded a jury and paid the legal fees, and the Court ordered a jury to be called and empaneled. Before any juror was sworn the defendant challenged the panel (in writing) upon the following grounds, viz:

1. Because the list from which the regular jurors for the term had been selected was not certified by the chairman of the board of county commissioners.

2. Because said list was not signed by the clerk of the board, or the county auditor.

The plaintiffs denied the challenge, and the Court proceeded to try the question of fact, and found the challenge to be true and allowed the same and discharged said jurors. The Court directed the clerk to remove from the jury ballot box the ballots containing the names of all jurors in the regular panel, and to draw a jury from the remaining ballots which had thereon the names of jurors who had been summoned to serve during the term upon two special venires issued to supply a deficiency in the number of regular jurors, before any challenge to the panel in any case had been made or allowed, and such jury was drawn and sworn, against the objection of defendant, who claimed that a special venire should issue to summon jurors to try said cause.

Dayton  et al. v. Warren. .

The plaintiffs offered in evidence, without objection, the deed from the defendant and wife to the plaintiff, Maria B., which contained the recital or stipulation above specified as to the value of the real estate received by the defendant from the plaintiffs, and rested.

The defendant then offered to show—

1. That the said recital or stipulation was not inserted in the deed for the purpose of fixing the value of the land exchanged.

2. That the true value of the land in question conveyed by the plaintiffs was less than $800 at the time of the delivery of said deed.

3. That the recital or stipulation was inserted in said deed at the instigation of Lyman Dayton, as agent of Maria B., for the purpose of defrauding the defendant.

The offers were separately made, and overruled by the Court, and such ruling excepted to by defendant. The cause was submitted to the jury without further evidence, and a verdict was rendered in favor of the plaintiffs against defendant for the sum of $11,635.34. Judgment was perfected on said verdict, and defendant sues out writ of error.

I. V. D. HEARD for Plaintiff in Error.

I.—The Court erred in allowing persons who had been called into Court to supply a deficiency of jurors, to act as jurors after it appeared that there was not simply a deficiency but an entire absence of jurors.    *Chap.* 21, *p.* 76, *Sess. Laws* 1862.

II.—The Court erred in excluding testimony as to the actual value of the property exchanged by Dayton and wife with the plaintiff in error.

The Court held in effect that there was a contract fixing the damages in case of an infraction of any of the covenants of the deed of Warren and wife, and that such a contract was conclusive. Both positions it is claimed were wrong.

*a.* There is no contract, express or implied, in the deed of Warren, to pay any sum whatever, much less to pay any sum as dam-

ages for an infraction of the covenants, for the stipulation in the deed does not even refer to the covenants.

*b.* If a contract, it was not conclusive, but might be inquired into.

The courts never adopt as standards for assessing damages the contracts of the parties, in cases where the damages are established by law or are ascertainable by proof, (as in the present case), unless the damages so fixed are within the rate established by law, or do not exceed the actual loss. To hold otherwise would be to allow the parties to override the law or usurp the functions of the Court. ·*Mason et al. vs. Callender et al.*, 2 *Minn.*, 350; *Marston vs. Talcott*, 3 *Id.*, 339; *Daniels vs. Ward*, 4 *Id.*, 168; 3 *Johnson's Cases*, 297; *Sedgwick on Damages, chap.* 16.

More especially is this the case where the contract is grossly inequitable and unconscionable, as in this case, giving $10 for $1. 5 *Cow.*, 144; *Sedgwick on Damages*, (*Ed. of* 1858), *pp.* 221, 222, 223.

SMITH & GILMAN for Defendants in Error.

The parties having fixed and agreed upon the value of the property which was the consideration for the deed, upon the covenants of which the action is founded, and that valuation being specially incorporated in the deed, is conclusive between the parties. When property, instead of money, is the consideration for a conveyance, and the parties at the time fix and agree upon the value of such property, and so express it in the deed, it is conclusive between them in an action on the covenants, so as to determine the amount of damage to be recovered.

In *Hanson vs. Buckner*, 4 *Dana*, (*Ky.*,) 251, "Where natural affection was in fact the inducement, but a money consideration was stated in the deed, it was held that the latter should be taken as the grantor's valuation, and determine the sum to be recovered" in an action like the present.

In the case at bar, the deed does a great deal more than express a money consideration. It, in terms, expresses that such was the

value of the property as then agreed between the parties. We think, therefore, there was no error in the rulings of the Court below.

*By the Court*—WILSON, C. J.—In 1858, the defendant conveyed to the plaintiff, Maria B. Dayton, by deed with covenants of seizin and warranty the south-west quarter of section 21, town 29, range 23. The deed (in which the consideration was stated to be $8,000,) contained the following recital or stipulation: "It being expressly understood between the parties hereto that the consideration expressed above, to-wit: eight thousand dollars, is the estimated value of certain lots in Lyman Dayton's addition to St. Paul, in exchange for which lots the above described premises are hereby conveyed as aforesaid. The deed for the conveyance of said lots in Lyman Dayton's addition to St. Paul from said Maria B. Dayton to John E. Warren bearing even date herewith."

The title to the land conveyed by defendant having failed, this action is brought to recover the damages which the plaintiffs have sustained on that account.

The principal question arising in this case is whether the measure of damages is varied by the aforesaid stipulation or recital.

It is not necessary for us here to inquire whether it is competent for the parties by an express stipulation in the deed, to fix the measure of damages for a breach of any of the covenants, as we see no evidence in the language here used of any intention to fix or vary the liability of either party in the event of a breach of the covenants.

The language above quoted seems to have been inserted from abundant caution for the purpose of clearly showing the facts of the case, and excluding the conclusion that would otherwise necessarily have followed from the language used—that the consideration was money. It is a mere recital of the consideration, and is therefore susceptible of explanation.

What the parties *estimated* the value of the property to be is wholly immaterial, so long as they have not covenanted to abide by that estimate.

What the value was as a matter of fact is the question to be tried in this case, and what defendant admitted in the deed or said may be evidence, but it is not conclusive of the fact.

The exception taken by defendant's counsel to the jurors summoned on the special venire, can not be sustained. The ruling of the Court in that respect was correct.

Judgment of Court below reversed and cause remanded for new trial.